UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONNIE JENKINS, | Case No. 09-00130-JCC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING CROSS MOTION FOR SUMMARY JUDGMENT OF PMA DEFENDANTS |
| vs. | |
| PACIFIC MARITIME ASSOCIATION, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. No. 29), Defendants' Cross-Motion for Summary Judgment (Dkt. No. 36), and Plaintiff's Motion to Amend. (Dkt. No. 47). Having considered the arguments therein, and the complete record of the case, the Court finds oral argument unnecessary and GRANTS Defendants' Motion for the reasons below.

**I.     BACKGROUND**

Plaintiff Ronnie Jenkins brings a claim under Title VII of the Civil Rights Act of 1964, alleging that he was passed over for promotion within the ranks of longshoremen in the Port of Seattle because of his race. The pertinent facts are as follows.

To be eligible to use longshoreman dispatch halls, an individual must be placed on the list of "casual," "B-registered," or "A-registered" longshoremen. (Defs.' Mot. Summ. J. 4 (Dkt.

ORDER -- 1

No. 36).) At the Port of Seattle, promotion of longshoremen from "casual" to "B-registration" is governed by three factors: (1) the number of available positions, (2) the number of work hours a casual longshoreman has accumulated in his home port, and (3) whether a casual longshoreman with a greater number of hours is disqualified. (*Id.*) These determinations are made by the Joint Port Labor Relations Committee. (*Id.*)

On July 26, 2007, Plaintiff was working on the APL Kennedy ship, after having served as a "casual" longshoreman for approximately 5 years. (Pl.'s Mot. Summ. J. 1 (Dkt. No. 29).) Plaintiff claims that he was working alongside white B-registered longshoremen who appeared to be less experienced than himself. (*Id.*) One such B-registered longshoreman, John Parrott,[1] explained that he had obtained his registration through the application of the "permissive rule." (*Id.* at 1–2.) Section 7.1 of the Coastwide Rules for Registration, the "permissive rule," allows a son or daughter of a registered worker who died while in an active status to become a registered longshoreman, even if the child has no casual experience.[2] (Defs.' Mot. Summ. J. 6 (Dkt. No. 36).)

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 21, 2008, claiming that the application of the permissive rule in the case of Mr. Parrott was invalid. (*Id.* at 8.) The EEOC responded to Plaintiff on January 8, 2009, stating that it was unable to locate Mr. Parrott's information, or conclude that there had been a violation, but granting Plaintiff a "right-to-sue" letter, regardless. (Pl.'s Mot. Summ. J. Ex. A at 1 (Dkt. No. 29).)

On August 5, 2009, Plaintiff filed his Motion for Summary Judgment, claiming that the failure of the EEOC to find Mr. Parrott's file suggested that Mr. Parrott was not entitled to have

---

[1] Mr. Parrott is an Asian man, not, as Plaintiff claims, white.

[2] This rule was upheld as non-discriminatory in *Scott v. Pacific Maritime Ass'n*, 695 F.2d 1199 (9th Cir. 1983).

ORDER -- 2

used the permissive rule to obtain his registration, and that Defendants' statements to the contrary must be false. (Pl.'s Mot. Summ. J. 2 (Dkt. No. 29).)

On August 20, 2009, Defendants produced documents proving conclusively that Mr. Parrott was properly registered under the permissive rule. (Pl.'s Decl. 2 (Dkt. No. 41).)

Plaintiff now seeks to amend his Complaint, alleging that in the Fall of 2007, Defendants hired 300 new employees and placed them directly on the list of identified apprentices. (Pl.'s Mot. Amend 1 (Dkt. No. 47).) Plaintiff claims that he spent two and a half years on a list of *unidentified* apprentices. (*Id.*) Plaintiff claims that these 300 appointments are a violation of his Fourteenth Amendment Rights. (*Id.*)

Defendants seek summary judgment on Plaintiff's Complaint, claiming that it is time-barred, and that Plaintiff has failed to produce evidence to support an essential element of his claims. (Defs.' Mot. Summ. J. 8 (Dkt. No. 36).) Defendants also oppose Plaintiff's Motion to Amend, claiming that because Defendants are not state actors, or acting under color of state law, Plaintiff fails to state a claim under the Fourteenth Amendment. (Def. Resp. Pl.'s Mot. Amend 1 (Dkt. No. 49).)

## II. DISCUSSION

### A. Summary Judgment

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. (*Id.*) at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." (*Id.*) at 251–52.

ORDER -- 3

The moving party bears the initial burden of showing that nonmovant has failed to produce evidence that supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

Defendants have met their initial burden under the *Celotex* standard. In response to Plaintiff's allegations that Mr. Parrott was not entitled to registration under the permissive rule, Defendants provided records to prove that he was. (Pl.'s Decl. 2 (Dkt. No. 41).) Further, Defendants rightly point out that Plaintiff's allegations are based explicitly on mere rumor. (*Id.*) Having established the insufficiency of evidence to support Plaintiff's claims, the burden shifts to Plaintiff to establish that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250.

Plaintiff offers no evidence that would create a genuine issue of fact for trial. Plaintiff does not contest the legitimacy of Defendants' records validating Mr. Parrott's B-registration. Instead, in a Declaration that serves as a Response to Defendant's Cross-Motion for Summary Judgment, Plaintiff claims that in the Fall of 2007, 300 new employees were hired directly on to the list of identified apprentices before being placed, as he was, on the list of unidentified apprentices. (Pl.'s Decl. 2 (Dkt. No. 41).) These allegations have not been presented to the EEOC for evaluation. Notwithstanding Plaintiff's failure to file a complaint with the EEOC, the Court finds that these claims are time-barred by the 300-day statute of limitations in 42 U.S.C. § 2000e-5(e)(1), given that they appear now, for the first time, approximately two years after the events occurred.

Accordingly, Plaintiff's claims are DISMISSED.

**B. Motion to Amend**

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of

ORDER -- 4

the adverse party." "[L]eave shall be freely given when justice so requires," (*Id.*), but the Court "may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Plaintiff now seeks to amend his Complaint by invoking his Fourteenth Amendment rights to bolster his discrimination claims. (Pl.'s Mot. Amend 1 (Dkt. No. 47).) The first step in a Fourteenth Amendment claim, regardless of its contours, is a showing of either state action or action under color of state law. *See Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008) ("The Fourteenth Amendment's right to due process only protects discrimination that results from state action.") (citing *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948); *see also Dezell v. Day Island Yacht Club*, 796 F.2d 324, 326 (9th Cir. 1986) ("To properly assert jurisdiction under the Equal Protection Clause of the Fourteenth Amendment, [a plaintiff] must demonstrate state action."). Defendants are not state actors, and Plaintiff alleges neither state action nor action under color of state law. (Def. Resp. Pl.'s Mot. Amend 1 (Dkt. No. 49).) Accordingly, the Court declines to grant Plaintiff leave to amend, because amendment would be futile. *See, e.g., Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (denying leave to amend because amendment could overcome the fundamental futility of the claims).

///

///

///

///

ORDER -- 5

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Dkt. No. 29) is DENIED, Defendants' Cross-Motion for Summary Judgment (Dkt. No. 36) is GRANTED, and Plaintiff's Motion to Amend (Dkt. No. 47) is DENIED. All claims against PMA and all other defendants are hereby DISMISSED with prejudice.

DATED this 15th day of October, 2009.

Honorable John C. Coughenour
UNITED STATES DISTRICT COURT JUDGE